Filed 3/23/22  P. v. Miller CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093756 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F01280) |
| v. | |
| DARRELL MILLER, | |
| Defendant and Appellant. | |

In June 2012, a jury found defendant Darrell Miller guilty of second degree murder.  (Pen. Code, § 187.)[1]  The jury found true a second degree drive-by murder allegation (§ 190, subd. (d)) and a firearm use allegation (§ 12022, subd. (a)(1)).  The trial court sentenced defendant to a term of 21 years to life in state prison.  In 2013, we

---

[1] Undesignated statutory references are to the Penal Code.

affirmed defendant's conviction in an unpublished opinion. (*People v. Miller* (Dec. 2, 2013, C071700).)

In 2019, defendant, through counsel, filed a petition for resentencing under newly enacted section 1170.95. The People filed a response and moved to dismiss the petition. The court ordered additional briefing, defendant filed a reply, and after reviewing the record of conviction, the trial court denied defendant's petition.

Defendant timely appealed and now contends the trial court erred in determining defendant failed to state a prima facie case. The People concede the issue and agree the matter should be remanded for further proceedings. We accept the People's concession.

PROCEDURAL BACKGROUND

On March 25, 2019, defendant, through counsel, filed a petition for resentencing pursuant to section 1170.95. The People filed a response and moved the court to dismiss the petition. The trial court then requested the parties submit additional briefing on the issue, specifically the impact of this court's opinion affirming the underlying judgment. The court noted that, relevant to second degree murder, defendant's jury was instructed on two theories of liability: (1) direct aiding and abetting, and (2) the natural and probable consequences doctrine.

The trial court found, however, that this court's opinion affirmed defendant's conviction for second degree murder by concluding there was sufficient evidence to convict him as a direct aider and abettor. Our opinion did not analyze any other theory of liability. Thus, the trial court wondered, was defendant precluded from relief under section 1170.95 as a matter of law, based on this court's decision. Neither party responded to the court's inquiry.

On March 2, 2021, the trial court denied defendant's petition without issuing an order to show cause, finding him ineligible for relief as a matter of law. In reaching its decision, the trial court noted "the Third District specifically held . . . that '*the jury could infer that defendant aided and abetted the murder* by holding the gun before the shooting,

2

identifying the victim, providing the motive, and in trying to conceal the weapon and convince Allen not to talk to law enforcement after the shooting,' [emphasis added]. That is the law of the case."

The trial court thus concluded that because "the Third District clearly upheld the second degree murder verdict against a challenge to the sufficiency of the evidence of having directly aided and abetted the murder, the Third District has already determined that defendant . . . is not a person who could not be convicted of second degree murder under the [Senate Bill No. 1437] version of Penal Code § 188."

## DISCUSSION

Defendant contends the trial court erred by denying his petition without issuing an order to show cause and conducting an evidentiary hearing. He argues the trial court wrongly found him ineligible as a matter of law based on this court's opinion in *People v. Miller*, *supra*, C071700. The People concede the issue.

We agree the trial court erred by denying defendant's petition without issuing an order to show cause and conducting the required evidentiary hearing.

A. *Legal Principles*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and added section 1170.95, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

3

Section 1170.95, subdivision (a)(1)-(3) states that a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court for resentencing "when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder..  [¶]  (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Section 1170.95, subdivision (b), requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and states the superior court case number, the year of conviction, and whether the petitioner requests appointment of counsel.  Subdivision (b)(3), which dictates how the court must handle the petition, reads:  "Upon receiving a petition in which the information required by this subdivision is set forth or a petition where any missing information can readily be ascertained by the court, if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner."  (§ 1170.95, subd. (b)(3).)  "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response.  The petitioner may file and serve a reply within 30 days after the prosecutor's response is served.  These deadlines shall be extended for good cause.  After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause.  If the court

declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."  (§ 1170.95, subd. (c).)

Section 1170.95, subdivision (d)(1) provides that a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner as needed should be held within 60 days after the order to show cause; and the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing.  At the hearing, "the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed.  The court may also consider the procedural history of the case recited in any prior appellate opinion. . . . The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens."  (*Id*., subd. (d)(3).)

B.  *Analysis*

Here, the trial court denied defendant's petition after reviewing the trial transcript and this court's opinion on appeal.  The trial court determined the facts presented in those documents were sufficient to establish defendant was not entitled to resentencing under section 1170.95 as a matter of law.  The trial court reasoned that because this court found sufficient evidence to convict defendant of second degree murder on a direct aiding and abetting theory of murder and did not mention the natural and probable consequences doctrine, defendant was necessarily convicted as a direct aider and abettor.  This reasoning is flawed.

As the People acknowledge, the jury also was instructed on the natural and probable consequences doctrine.  Thus, it is possible defendant was convicted on that theory of murder and our decision in *People v. Miller*, *supra*, C071700 does not rule out that possibility.  Accordingly, we agree with both parties:  the case should be remanded for further proceedings in compliance with recently amended section 1170.95.

## DISPOSITION

The trial court's postconviction order denying defendant's resentencing petition is reversed. The matter is remanded with directions to issue an order to show cause and hold a hearing under section 1170.95, subdivision (d), as amended by Stats. 2021, ch. 551 (Senate Bill No. 775).

                                                          /s/

                                                  RAYE, P. J.

We concur:

  /s/

MAURO, J.

  /s/

HOCH, J.

6